IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANK SCIAMMETTA,

      Petitioner,

v.                                                    CASE NO. 4:16-cv-409-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He then filed

an amended petition, which stems from his Leon County conviction for

burglary of a dwelling and robbery with a firearm. (ECF No. 4.) Respondent

has filed a motion to dismiss and appendix with relevant portions of the

state-court record, arguing that the Petition should be dismissed because

Petitioner's claims are unexhausted and procedurally defaulted. (ECF No.

20.) Petitioner filed a response, (ECF No. 27), and the motion is therefore

ripe for review. Upon due consideration, the undersigned recommends that

the motion to dismiss should be granted and the Petition should be

dismissed.[1]

## I.  Summary of State Court Proceedings

Petitioner was charged by information in May 2009 with one count of burglary of a dwelling with possession of a firearm and two counts of robbery with possession of a firearm. (ECF No. 20-1 at 16.) Petitioner proceed to trial and was convicted on all counts on February 8, 2011. (*Id.* at 96–101, 104–13.) He was thereafter sentenced on March 30, 2011, to concurrent ten-year minimum mandatory terms of imprisonment on each count, with credit for 703-days time-served, to be followed by five years probation. (*Id.* at 104–13, 127–48.)

Petitioner appealed to the First DCA on April 14, 2011, arguing that (1) the trial court erred in allowing the officer to testify that he believed the state's witnesses, and (2) the trial court erred in allowing the state to cross-examine Petitioner about his possession of marijuana—a crime of which he was not convicted—when he was later arrested. (*Id.* at 120–21; ECF No. 20-2 at 298–340.) The First DCA per curiam affirmed Petitioner's conviction and sentence without written opinion on September 6, 2012, and

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the mandate followed on October 2, 2012. (ECF No. 20-3 at 27–28.)

Petitioner then filed a *pro se* petition for writ of habeas corpus in the First DCA on December 18, 2012, alleging that appellate counsel rendered ineffective assistance for failing to argue on appeal that the trial court abused its discretion in: (1) not holding a complete plea hearing; (2) allowing the state to bolster its witnesses' testimony over defense counsel's objection; (3) not granting a new trial due to prosecutorial misconduct; and (4) overruling defense counsel's objection to Officer Boccio's testimony based on flawed interpretation of the law. (*Id.* at 31–68.). The First DCA per curiam denied the petition on the merits on January 17, 2013. (*Id.* at 71.)

Next, Petitioner filed a Rule 3.850 motion for postconviction relief on April 26, 2013. (*Id.* at 76–103.) The circuit court struck two grounds, however, as facially insufficient on July 1, 2013, with leave to amend. (*Id.* at 108.) Accordingly, Petitioner filed an amended motion for postconviction relief on August 5, 2013. (*Id.* at 110–39.) The amended motion for postconviction relief presented six grounds of ineffective assistance of trial counsel: (1) failure to advise Petitioner that he was subject to minimum mandatory sentences, which caused him to reject a favorable plea offer;

(2) failure to call, interview, or present Cory Blank as a witness at trial; (3) failure to depose the victim and the state's witnesses, which prevented trial counsel from obtaining impeachment evidence to refute the state's theory; (4) failure to adequately prepare Petitioner to testify, which resulted in prejudicial subsequent bad acts evidence being introduced at trial, and failure to move to preclude this evidence from being introduced at trial; (5) failure to investigate witnesses; and (6) failure to lay the proper foundation to admit an enhanced 911 call at trial. (*Id.*) Following an evidentiary hearing, the circuit court denied Petitioner's amended motion for postconviction relief on December 19, 2014. (*Id.* at 162–67.)

Petitioner initiated an appeal to the First DCA. (ECF No. 20-5 at 78–122.) On March 15, 2016, however, the First DCA per curiam affirmed without written opinion. (ECF No. 20-6 at 52.) The mandate followed on April 12, 2016. (*Id.* at 53.)

In the meantime, in May 2015, Petitioner filed various motions in the circuit court, including a motion for leave to file a second amended motion for postconviction relief, his proposed second amended motion for postconviction relief, and a motion for leave to reopen the postconviction proceedings (*Id.* at 57–78.) The trial court denied the motions on May 11,

2016, including the second amended motion for postconviction relief as successive. (*Id.* at 104–107.) The First DCA then per curiam affirmed without written opinion on October 24, 2016, and the mandate followed on November 21, 2016. (*Id.* at 149, 169–70.)

While his appeal was pending in the First DCA, Petitioner filed his original Petition in this Court on June 30, 2016. (ECF No. 1.)

## II.  Section 2254 Standard of Review

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted); *see Castille v. Peoples*, 489 U.S. 346, 351 (1989) (to

exhaust state remedies, a petition must fairly present each issue to the state's highest court).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*,

633 F.3d 1272, 1287 (11th Cir. 2011); *see also* § 2254(e)(1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of §

2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362,

404–06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*,

529 U.S. at 362). "Under the 'contrary to' clause, a federal habeas court

may grant the writ if the state court arrives at a conclusion opposite to that

reached by [the Supreme] Court on a question of law or if the state court

decides a case differently than this Court has on a set of materially

indistinguishable facts. Under the 'unreasonable application' clause, a

federal habeas court may grant the writ if the state court identifies the

correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case."

*Williams,* 529 U.S. at 412–13. "Avoiding these pitfalls [described in

*Williams v. Taylor* ] does not require citation of our cases-indeed, it does

not even require *awareness* of our cases, so long as neither the reasoning

nor the result of the state-court decision contradicts them." *Early v. Packer,*

537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state

court's decision was unreasonable must be assessed in light of the record

the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill*, the Eleventh Circuit clarified how the federal habeas court

should address the "unreasonable application of law" and the

"unreasonable determination of facts" tests. The court acknowledged the

well-settled principle that summary affirmances, such as the Florida First

District Court of Appeal's in this case, are presumed adjudicated on the

merits and warrant deference. 633 F.3d at 1288 (citing *Harrington v.*

*Richter*, 526 U.S. 86 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278

F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial

opinion are not the same thing," and the Supreme Court has confirmed that

determining whether the state court unreasonably applied the law or

unreasonably determined the facts requires only a decision, not an opinion.

*Id*. at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court

has never squarely addressed whether under the "unreasonable

application" test a federal habeas court "looks exclusively to the objective

reasonableness of the state court's ultimate conclusion or must also

consider the method by which the state court arrives at its conclusion."  *Id.*

at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir. 2002)

(summarizing the emerging circuit split)). The Eleventh Circuit concluded

that district courts must apply the plain language of § 2254(d) and answer

the "precise question" raised in a claim based on the state court's ultimate

legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant

must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

### III. Discussion

**A.**  ***Ground One: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Chapman v. California[2] when the court per curiam affirmed ground one of Petitioner's state court direct appeal."***

Petitioner says that at trial, Officer Kelly testified for the state that one of the alleged victims was being honest when he told police that cannabis had been taken from him and that he had smoked cannabis earlier on the night of the incident. Trial counsel objected, but the trial court overruled the objection, finding that counsel had opened the door during cross-examination by asking the witness whether the victims could have lied.

Petitioner, through appellate counsel, argued in ground one of his direct appeal that the trial court erred in allowing the officer to testify over counsel's objection that he believed the state's witnesses. Petitioner now argues that the First DCA unreasonably applied *Chapman v. California*, 386 U.S. 18 (1967), in affirming ground one on direct appeal *per curium*. Respondent argues that this claim is unexhausted and procedurally

---

[2] Presumably, *Chapman v. California*, 386 U.S. 18 (1967).

defaulted.

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan*, 526 U.S. at 842 ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state court remedies, the petitioner must fairly present the federal claims to the state court in order to give the State the opportunity to pass upon and correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Failure to exhaust state remedies may result in the claim being procedurally defaulted. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983).

This claim is unexhausted because Petitioner did not present his claim as a federal claim in state court.[3] Although appellate counsel argued that the trial court committed reversible error in allowing the officer to testify

---

[3] Even if this claim were construed as an issue of state law, a habeas claim based on an issue of state law provides no basis for habeas relief because a violation of state law is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *see Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993) (a federal writ of habeas corpus is only available in cases of federal constitutional error); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989) (the limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations).

that he believed the witnesses, the argument is devoid of any reference to *Chapman*, federal law, or Petitioner's constitutional rights. Instead, appellate counsel merely presented the argument as an issue of state law. Notably, because the First DCA per curiam affirmed without written opinion, nothing suggests that the First DCA considered the issue as a federal claim. The state court therefore did not have the opportunity to pass upon and correct the alleged violation of federal law.

Petitioner also cannot return to state court at this juncture to present this claim because the Florida procedural rules do not permit a second direct appeal. Petitioner also cannot attempt to present this claim on collateral review in state court. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Bates v. Dugger*, 604 So. 2d 457, 458 (Fla. 1992). This claim is therefore procedurally defaulted for federal habeas purposes.

A procedurally defaulted claim like Petitioner's can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly

be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453. To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has failed to demonstrate cause and prejudice for the default or a fundamental miscarriage of justice. Petitioner argues that his appellate attorney's failure to raise this claim as a federal claim on appeal constitutes ineffective assistance of counsel, and therefore, "cause" to excuse his default. While ineffective assistance of counsel can demonstrate cause for a default in some situations, it cannot do so here.

Petitioner's ineffective assistance of appellate counsel claim that his counsel failed to raise his claim in state proceedings is itself procedurally defaulted. Petitioner never presented this specific claim—that appellate counsel was ineffective for failing to argue that the trial court's ruling allowing Officer Boccio to testify that he believed the alleged victims violated Petitioner's right under *Chapman*—to the state court as an independent claim.[4] Petitioner also cannot return to state court to do so at this juncture. *See* Fla. R. App. P. 9.141(d)(5) (habeas petitions alleging ineffective assistance of appellate counsel on direct review shall not "be filed more than 4 years after the judgment and sentence become final on

---

[4] Ground four of Petitioner's state habeas petition asserts "ineffective assistance of appellate counsel for failing to raise trial court's abuse of discretion in over-ruling defense objection to state witness Boccio's testimony based on the court's flawed interpretation of the law," which Petitioner argued violated his right to due process and effective assistance of counsel. (ECF No. 20-3 at 53–60.) Petitioner's entire argument in support of that claim, however, pertained to completely different testimony elicited from Officer Boccio.

direct review").[5]

Petitioner has failed to show the requisite cause and prejudice for his procedural default. Nothing suggests that Petitioner failed to assert his ineffective assistance of appellate counsel claim in state proceedings because of some external factor. *See Coleman*, 501 U.S. at 753 ("cause" must be something external to the petitioner that cannot fairly be attributed to him). Because Petitioner cannot show cause for his default, the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice.").

Petitioner cannot satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of appellate counsel claim, so the ineffective assistance of appellate counsel claim cannot serve as cause for his procedurally defaulted due process claim. Petitioner also does not set forth any new evidence, showing that no reasonable juror would have convicted him. He therefore cannot demonstrate a fundamental miscarriage of justice to excuse his procedural default. *See Mize*, 532 F.3d at 1190. Accordingly, Petitioner is not entitled to federal habeas relief on

---

[5] Habeas petitions are the proper vehicle to advance claims of ineffective assistance of appellate counsel. *Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000).

ground one.

**B.      Ground Two: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Chapman v. California[6] when the court per curiam affirmed ground two of Petitioner's state court direct appeal."**

Petitioner says that at trial counsel objected to the state's questioning Petitioner on cross-examination about a pending possession of marijuana charge. The trial court overruled trial counsel's objection finding that Petitioner had opened the door by testifying that he had never committed a crime in his life. The state then called Officer Boccio to impeach Petitioner by testifying, over trial counsel's objection, that another officer had informed him about Petitioner's pending possession charges.

Petitioner, through appellate counsel, argued in ground two of his direct appeal that the trial court erred in allowing the state to cross-examine Petitioner about an arrest that did not result in a conviction and in allowing Officer Boccio to offer hearsay testimony about that same arrest. Petitioner now argues that the First DCA unreasonably applied *Chapman* in affirming ground two on direct appeal in its *per curium* decision. Respondent argues that this claim is unexhausted and procedurally defaulted.

_____

[6] Presumably, *Chapman*, 386 U.S. at 18.

This claim is unexhausted because Petitioner did not present his claim as a federal claim in state court.[7] Although appellate counsel argued that the trial court committed reversible error in allowing the state to cross-examine Petitioner about his arrest for possessing marijuana, the argument is devoid of any reference to *Chapman*, federal law (other than a potential Giglio[8] violation)[9] or Petitioner's constitutional rights. The state court therefore did not have the opportunity to consider the alleged violation of federal law. In addition, Petitioner cannot present this claim in state court because, as discussed, Petitioner is not entitled to a second direct appeal. This claim is therefore also procedurally defaulted.

Contrary to Respondent's assertion, however, Petitioner has demonstrated cause for the procedural default. Petitioner presented this claim, although not verbatim, in ground four of his state court habeas

---

[7] As discussed with respect to ground one, even if this claim were construed as an issue of state law, a habeas claim based solely on an issue of state law does not provide a basis for habeas relief.

[8] *Giglio v. United States*, 405 U.S. 150 (1972).

[9] In *Giglio*, "the Supreme Court held that when the prosecution solicits or fails to correct known false evidence, due process requires a new trial where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'" *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1107 (11th Cir. 2012) (quoting Giglio, 405 U.S. at 154). A *Giglio* violation "exists 'when the undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury.'" *Id.* (quoting *Ventura v. Attorney Gen.*, 419 F.3d 1269, 1276–77 (11th Cir. 2005)).

petition. (ECF No. 20-3 at 53–60.) In that petition Petitioner argued that appellate counsel was ineffective for failing to raise on direct appeal that the court's rulings allowing the state to cross examine Petitioner about an arrest that did not result in a conviction and in allowing Officer Boccio to offer hearsay testimony about that same arrest in violation of Petitioner's right to due process. (*Id.*) The First DCA's per curiam denial on the merits constitutes an adjudication on the merits sufficient to establish cause.

Nonetheless, Petitioner cannot overcome the failure to exhaust because Petitioner has failed to demonstrate that he was prejudiced by appellate counsel's failure to raise this issue on appeal. In *Chapman* the Supreme Court held "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24. The Court there went on to hold that commenting on a defendants' failure to testify was not harmless error where the prosecutor's argument and the trial judge's jury instruction continuously impressed the jury that from defendants' refusal to testify, the inferences from evidence had to be drawn in the state's favor and that where the state had failed to demonstrate beyond a reasonable doubt that such comments and instructions did not contribute to the defendants' convictions. *Id.* at 25–26.

Petitioner fails to suggest how *Chapman* has anything to do with this case.  Unlike the defendant in *Chapman* Petitioner chose to testify at trial. His claim therefore has nothing to do with commenting on a defendant's refusal to testify.

Furthermore, a trial court's evidentiary ruling—whether correct or incorrect—that a defendant opened the door to being cross-examined about an issue does not give rise to a federal constitutional error. Petitioner was not prejudiced by appellate counsel's failure to raise *Chapman* on appeal because *Chapman* is inapplicable to this issue.

Finally, Petitioner does not offer any new evidence, demonstrating that no reasonable juror would have convicted him. He therefore cannot demonstrate a fundamental miscarriage of justice to excuse his procedural default. Ground two is therefore due to be dismissed.

**C.**   **Ground Three: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Evitts v. Lucey[10] when the Court per curiam affirmed ground three of Petitioner's state court petition for writ of habeas corpus."**

Petitioner argued in ground three of his state habeas petition that appellate counsel rendered ineffective assistance of counsel by failing to argue on appeal that the cumulative effect of prosecutorial misconduct

---

[10] Presumably, *Evitts v. Lucey*, 469 U.S. 387 (1985).

resulted in fundamental error. Specifically, Petitioner says the prosecutor:
(1) made improper remarks during opening statement; (2) referred to
Petitioner as a liar; and (3) advised the jury that Petitioner was facing
charges that had actually been dismissed two years prior to trial. Petitioner
contends that the state court's denial of this claim in his state habeas
petition was contrary to *Evitts v. Lucey*, 469 U.S. 387 (1985). Respondent
argues that this claim is unexhausted and procedurally defaulted.

In ground three of his state habeas petition Petitioner argued that
appellate counsel was ineffective for failing to argue that the trial court
abused its discretion in not granting a new trial due to the following
instances of prosecutorial misconduct: (1) bolstering/vouching for the
credibility of state witness Officer Kelly over defense counsel's objection;
(2) "[c]ompletely and inaccurately misstat[ing] the alleged events, by
introducing non-factual testimony to wit: '. . . defendant had come in with
guns blazing!'";[11] (3) bolstering the credibility of state witness Joseph
Rothstein over defense counsel's objection; (4) stating "[w]ell let me move
on since you're not answering the question," despite Petitioner answering
the question several times; (5) calling Petitioner a liar numerous times; and

---

[11] This instance occurred during the state's direct examination of Evan Stern.
(ECF No. 20-2 at 3.)

(6) intentionally introducing false testimony, including that Petitioner was facing charges in South Florida and that Petitioner was arrested with five pounds of marijuana. (ECF No. 20-3 at 48–53.) The First DCA per curiam denied this claim on the merits, thereby constituting an adjudication of the claim.

Fair presentation of a claim to the state court means that the allegations and supporting evidence must offer the state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or factual claims in his federal habeas petition that were not presented to the state court. *See Anderson v. Johnson*, 338 F.3d 382, 386–87 (5th Cir. 2003) ("We have consistently held that a 'petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court.'"). Nevertheless, "dismissal is not required when evidence presented for the first time in a habeas proceeding *supplements*, but does not *fundamentally alter*, the claim presented to the state courts." *Id.* (emphasis in original) (quoting *Caballero v. Keane*, 42 F.3d 738, 741 (2d Cir. 1994)); *Demarest v. Price*,

130 F.3d 922, 932 (10th Cir. 1997) ("[A]lthough a habeas petitioner will be allowed to present 'bits of evidence' to a federal court that were not presented to the state court . . . evidence that places the claims in a significantly different legal posture must first be presented to the state courts.").

In this case, Petitioner's ineffective assistance of appellate counsel claim presented two of the three instances of prosecutorial misconduct to the state court for consideration. Petitioner never presented the third issue—that appellate counsel failed to argue that the prosecutor made improper remarks during opening statement—to the state court for consideration. Thus, to the extent the instant claim is based on the alleged improper comments made by the prosecutor during opening arguments, the claim is unexhausted and procedurally defaulted.[12]

The inclusion of this alleged instance of prosecutorial misconduct, however, does not fundamentally alter the claim presented to the state court pertaining to the other two alleged instances of prosecutorial misconduct. Accordingly, rather than dismiss the entire claim, the Court will separate the claims, analyzing the exhausted part of the claim under the

---

[12] Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default on this issue.

AEDPA and the unexhausted part de novo. *See Davis v. McNeil*, No. 4:06CV534/MMP/EMT, 2009 WL 3756326, at *10 (N.D. Fla. Nov. 6, 2009), *report and recommendation adopted*, 2010 WL 893824 (N.D. Fla. Mar. 9, 2010) (analyzing the exhausted part of a habeas claim under the AEDPA and the unexhausted part de novo rather than dismissing the entire claim).

Turning first to the exhausted part of Petitioner's claim pertaining to the prosecutor referring to Petitioner as a liar and advising the jury that Petitioner was facing charges that had actually been dismissed two years prior to trial, Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law.

Petitioner relies on *Evitts*, which held that the principles of effective assistance of counsel apply to a criminal defendant's first appeal as of right. 469 U.S. at 393–94. In ground three of his state habeas petition, however, Petitioner argued that his appellate counsel's failure to raise these issues of prosecutorial misconduct on appeal violated his right to effective assistance of counsel and the First DCA per curiam denied the claim *on the merits*. Petitioner has therefore failed to demonstrate that the state court's decision was contrary to or involved an unreasonable application of *Evitts*.

Finally, with respect to the unexhausted portion of the instant claim, Petitioner's claim is wholly without merit. Notably, Petitioner fails to suggest which specific remarks were allegedly improper. Nevertheless, the jury was instructed that what the parties argued during opening statements was not evidence and that the jury was not to consider it as such. (ECF No. 20-1 at 403.) Additionally, counsel had an opportunity to respond to the remarks that prosecutor made during opening arguments. Thus, even if appellate counsel was deficient for failing to raise the alleged improper remarks on appeal, Petitioner has failed to show that he was prejudiced by such. Ground three should therefore be dismissed.

**D.     Ground Four: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Strickland v. Washington when the court denied ground one of Petitioner's motion for postconviction relief.**

In ground one of his amended motion for postconviction relief Petitioner argued that trial counsel rendered ineffective assistance of counsel by failing to advise him that his firearm charges carried a ten-year minimum mandatory term of imprisonment. Petitioner claims he would have taken the state's plea offer had he known of the minimum mandatory sentence. The trial court denied this claim following an evidentiary hearing. Petitioner now claims that the state court unreasonably applied *Strickland*

because it failed to make specific findings of law in denying his claim.

As Respondent correctly argues, however, this claim is unexhausted and now procedurally defaulted. Although Petitioner presented this claim in his amended motion for postconviction relief and the circuit court adjudicated the claim on the merits, Petitioner did not present the denial of this claim as an issue for review on appeal to the First DCA. Instead, Petitioner's sole argument on appeal was that,

> the trial court abused its discretion by not obtaining a waiver of the right to prosecute the grounds for relief in his amended motion for postconviction relief and not requiring retained postconviction counsel to do so or by not [appointing] conflict free postconviction counsel to aid and assist the defendant, when it became plain and necessary to do so in the interest of justice to satisfy the due process constraints of Article I § 9 of the Florida Constitution and the 14th Amendment of the U.S. Constitution.

(ECF No. 20-5 at 79.) Petitioner also cannot return to state court to appeal the denial of this claim. This claim is therefore unexhausted and procedurally defaulted. *See Turney v. Sec'y, Dep't of Corr.*, No.6:16-cv-363-Orl-37DCI, 2017 WL 2812613, at *3 (M.D. Fla. June 29, 2017) (finding habeas claim unexhausted and procedurally barred where petitioner failed to appeal the denial of his postconviction claim).

Petitioner also has not offered any explanation as to why this issue was not raised on appeal. Notably, Petitioner's initial brief on appeal in the

First DCA was drafted *pro se*. Nothing suggests that Petitioner failed to

assert this claim because of any external factor.[13] Petitioner has therefore

failed to demonstrate cause for the procedural default and the Court need

not proceed to the issue of prejudice.

Nor does this issue involve any new evidence, demonstrating that no

reasonable juror would have convicted him. Petitioner therefore cannot

demonstrate a fundamental miscarriage of justice to excuse his procedural

default. Ground five should be dismissed.[14]

**E.   *Ground Six: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Strickland v. Washington when the court denied ground three of Petitioner's motion for postconviction relief.*"**

Petitioner argued in ground three of his amended motion for

---

[13] Although Petitioner's *pro se* initial appellate brief noted that he was "being substantially assisted by intra-prisoner assistance," his own decision to rely on intra-prisoner assistance is not an external impediment. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition").

[14] Even if Petitioner had properly exhausted this claim or demonstrated cause and prejudice for his default, his claim is without merit. First, *Strickland* does not require the court to specifically address the two prongs—deficient performance and prejudice—in its ruling. Second, based on the court's citation to *Strickland*, it is clear that the court applied *Strickland* in making its ruling. (ECF No. 20-3 at 162–67.) Third, Petitioner conceded on cross-examination that his attorney did recommend that he take the plea offer, and the court found that another attorney discussed the minimum mandatory penalty with Petitioner. (*Id.* at 165–66.) These findings are entitled to deference and the court's ruling, based on those findings, was not unreasonable.

postconviction relief that trial counsel rendered ineffective assistance by failing to depose the alleged victim, Even Stern, and two state witnesses, Jordan Fertal and Dan Scala. Following an evidentiary hearing, the circuit court denied the claim on the merits, citing *Strickland*. Petitioner now argues that the state court unreasonably applied *Strickland* because it failed to specifically address the two prongs—deficient performance and prejudice—in its ruling.

The Court agrees with Respondent that this claim is unexhausted and procedurally defaulted for the same reasons as set forth with respect to ground five. Ground six should therefore be dismissed.[15]

**F.    Ground Seven: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Strickland v. Washington when the court denied ground four of Petitioner's motion for postconviction relief."**

Ground four of Petitioner's amended motion for postconviction relief argued that trial counsel rendered ineffective assistance in failing to adequately prepare Petitioner to testify at trial. Petitioner says this failure

---

[15] Even if Petitioner had properly exhausted this claim or demonstrated cause and prejudice for his default, his claim is without merit. First, as discussed, *Strickland* does not require the court to specifically address the two prongs in its ruling. Second, based on the court's citation to *Strickland*, it is clear that the court applied *Strickland* in making its ruling. Third, the court found based on the testimony at the evidentiary hearing that there was sufficient investigation into Petitioner's case. (ECF No. 20-3 at 166.) That finding is entitled to deference and the court's ruling, based on that finding, was not unreasonable.

resulted in prejudicial evidence being admitted at trial. The circuit court denied this claim following an evidentiary hearing. Petitioner now claims that the denial was contrary to *Strickland* because although the court cited *Strickland* in its order, it failed to address the two prongs.

The Court agrees with Respondent that this claim is unexhausted and procedurally defaulted for the same reasons as set forth in ground five. Ground seven should therefore be dismissed.[16]

**G.    *Ground Eight: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Strickland v. Washington when the court denied ground five of Petitioner's motion for postconviction relief.*"**

Petitioner argued in ground five of his amended motion for postconviction relief that trial counsel rendered ineffective assistance by failing to investigate and present evidence from either security guards or surveillance videos and failing to investigate, depose, and present testimony of other residents in the apartment complex where the incident

---

[16] Even assuming Petitioner had properly exhausted this claim or demonstrated cause and prejudice for his default, his claim is without merit. As discussed, *Strickland* does not require the court to specifically address the two prongs in its ruling. It is also clear based on the court's citation to *Strickland*, that the court applied *Strickland* in making its ruling. Finally, the court found based on the testimony at the evidentiary hearing that Petitioner was adequately prepared to testify and that there were clear strategy decisions involved in discovery. (ECF No. 20-3 at 166.) Those findings are entitled to deference and the court's ruling, based on those findings, was not unreasonable.

took place, as well as details relating to his arrest and the amount of

marijuana involved. The circuit court denied this claim on the merits

following an evidentiary hearing, citing *Strickland*. Petitioner now contends

that the circuit court failed to make the proper findings of fact under

*Strickland* in denying his claim.

For the same reason set forth in ground five, this claim is

unexhausted and procedurally defaulted. Accordingly, ground eight should

be dismissed.[17]

### H.   Ground Nine: "The state court unreasonably applied clearly established federal precedent as determined by the United States Supreme Court in Strickland v. Washington when the court denied ground six of Petitioner's motion for postconviction relief."

In ground six of his amended motion for postconviction relief

Petitioner argued that trial counsel rendered ineffective assistance by

failing to lay a proper foundation for the introduction of an enhanced 911

call. Following an evidentiary hearing, the circuit court denied this claim on

---

[17] Ground eight is nevertheless without merit. As discussed, *Strickland* does not require the court to specifically address the two prongs in its ruling and the court clearly applied *Strickland* in making its ruling. Furthermore, the court found based on the testimony at the evidentiary hearing that based on the totality of the evidence, Petitioner was well informed, had the benefit of the advice of competent counsel, and made a knowing decision to go to trial. (ECF No. 20-3 at 166.) That finding is entitled to deference and the court's decision based on that finding was not unreasonable. Furthermore, an attorney's failure to lay the proper foundation to admit a specific piece of evidence does not amount to deficient performance.

the merits, citing *Strickland*. Petitioner now claims that the trial court failed to make specific findings of fact pursuant to *Strickland*.

This claim is unexhausted and procedurally defaulted for the same reason as set forth in ground five. Ground nine should therefore be dismissed.[18]

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section

---

[18] Ground nine is also without merit. *Strickland* does not require the court to specifically address the two prongs in its ruling and the court clearly applied *Strickland* in making its ruling. Furthermore, the court found that Petitioner's representations regarding the alleged failure to introduce the enhanced 911 tape were not supported by the evidence. (ECF No. 20-3 at 165.) That finding is entitled to deference. For starters, Petitioner fails to even suggest what the enhanced 911 tape would have revealed. Even assuming counsel failed to lay a proper foundation for an enhanced video tape, and assuming that failure somehow was deficient performance—which it was not—a complete 911 tape was nonetheless admitted and played at trial. (ECF No. 20-1 at 501–07.) Defense counsel then cross-examined the victim who called 911 about the 911 call, including that towards the end of the tape the victim's voice changed, got to a whispering tone, examining the witness that he started cursing out his roommate, and that someone was heard on the 911 tape telling the victim to just say he does not remember. (ECF No. 20-2 at 3–18.) The jury therefore had the 911 call to consider, as well as the testimony elicited from the victim by defense counsel pertaining to whether the victim had made up the story. Petitioner therefore cannot demonstrate that he was prejudiced by the alleged failure to lay the proper foundation for an enhanced 911 tape.

2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that**:**

1.    Respondent's Motion to Dismiss, ECF No. 20, should be **GRANTED**.

2.    The amended petition for writ of habeas corpus, ECF No. 4, should be **DISMISSED.**

3.    A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 21st day of February 2018.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.